IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FRANCIS BLOUNT,                        )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )    CIV. A. NO. 25-0335-JB-MU
                                       )
OFFICER JONES, *et al*.,               )
                                       )
        Defendants.                    )

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Francis Blount's *pro se* § 1983 complaint which was filed on August 14, 2025, and referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action. (Doc. 1). Plaintiff has not paid the partial filing fee as ordered by the Court and has, thus, failed to comply with the Court's orders regarding same. Accordingly, the undersigned recommends that this action be dismissed without prejudice.

On November 3, 2025, the Court granted Plaintiff's motion to proceed without prepayment of fees and ordered him to pay an initial portion of his filing fee in the amount of $51.00 by December 4, 2025. (Doc. 15). Plaintiff was advised that failure to comply with the Court's Order and pay this amount on or before December 4, 2025, would result in the dismissal of his action, without prejudice. (Doc. 15, PageID. 63). On December 1, 2025, Plaintiff filed a motion for an extension of time to pay the $51.00 partial filing fee, and the Court granted his motion and ordered Plaintiff to pay the required amount by January 5, 2026.

(Docs. 16, 17). On January 5, 2026, Plaintiff again filed a motion for an extension of time to pay the $51.00 partial filing fee, and the Court granted his motion and ordered Plaintiff to pay the required amount by February 9, 2026. (Docs. 18, 19). Plaintiff was warned in each of these orders that his action would be dismissed without prejudice if he did not comply with the orders and timely pay the partial filing fee.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 629-630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quotation marks and citation omitted)); a*ccord. Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

To date, the Court has not received any filing or correspondence from Plaintiff, and the deadline for compliance with the Court's orders has well passed. Upon consideration of these facts and the alternatives available to the Court, the

undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link,* 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see also Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

       **DONE** this **25th** day of **March, 2025.**

                        /s/ P. Bradley Murray
                        **P. BRADLEY MURRAY**
                        **UNITED STATES MAGISTRATE JUDGE**